**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VINOD KUMAR MEETHALE
PUNATHIL,

        Plaintiff,

vs.                              Case No. 3:11-cv-320-J-37JRK

GERARD HEINAUER, Director of
U.S. Citizenship and Immigration,
*et al.*,

        Defendant.

## ORDER

This cause is before the Court on the following:

1) Defendants' Motion for Summary Judgment (Doc. No. 22), filed on February 7, 2012; and

2) Plaintiff's Request to Reject Defendants' Motion for Summary Judgment (Doc. No. 26) ("Response"), filed on April 23, 2012.

### JURISDICTION

Vinod Kumar Meethale Punathil ("Plaintiff") brings this action pursuant to 28 U.S.C. §1361 (which confers jurisdiction over "any action in the nature of mandamus to the district courts"), 28 U.S.C. § 1332 (diversity jurisdiction), and 5 U.S.C. § 701 *et seq.* (the Administrative Procedure Act ("APA")) against Gerard Heinauer, United States Citizenship and Immigration Services ("USCIS"), Director, Nebraska Service Center ("NSC"), and Alejandro Mayorkas, Director, USCIS (collectively, "Defendants").

Defendants subsequently filed the pending Summary Judgment Motion (Doc. No. 22), addressing the merits of Plaintiff's claims, without questioning this Court's jurisdiction.

For the reasons stated in the Discussion Section below, however, the Court does not have subject matter jurisdiction over this action. Therefore, it does not consider the merits of Plaintiff's claims or Defendants' arguments on summary judgment.

## BACKGROUND[1]

On April 1, 2011, Plaintiff filed his Complaint (Doc. No. 1) against Defendants. Plaintiff is a native and citizen of India. (Doc. No. 1, ¶ 2.) He entered the United States on December 14, 1999, pursuant to a "H1-B Visa filed by HCL Technologies, Inc." (*Id.* at ¶ 8.) He later began to work for Philip Semiconductors, which filed an H-1B non-immigrant visa petition on his behalf. That H-1B petition was approved and valid through October 1, 2003. (Doc. No. 23-2, p. 142.) Sometime in 2003, he began work at MSU Software Consultants, LLC ("MSU Software"), which also filed an H1-B non-immigrant visa petition on his behalf. This H-1B petition was approved and valid through December 14, 2005. (Doc. No. 1, ¶ 9.)

On April 13, 2006, MSU Software, through its attorney of record, Jacqueline B. Martinez, filed a Form I-140, Immigrant for Alien Worker Petition ("Form I-140" or "Form I-140 petition") with Defendants on Plaintiff's behalf. (Doc. No. 23-3, pp. 99-103.) The Form I-140 was filed under 8 U.S.C. § 1153(b)(2)(A), which allows visas to be "made available" to a certain number of "qualified immigrants" who are "members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively

---

[1] Although the Court cannot address the merits of this action, it provides a detailed factual background to establish the circumstances that led to the revocation of Plaintiff's approved Form I-140, Immigrant for Alien Worker Petition. The jurisdictional issue turns on whether the Court can review a decision to revoke an approved Form I-140 petition.

2

the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States." Defendants approved Plaintiff's Form I-140 petition on September 21, 2006. (Doc. No. 1, ¶ 15.) On June 5, 2007, Plaintiff filed a Form I-485 Application for Adjustment to Permanent Resident ("Form I-485" or "Form I-485 petition") based on his approved Form I-140 petition.[2] (*See* Doc. No. 23-2, p. 130.) The Form I-485 was filed through MSU Software's attorney of record as well.

Sometime around April 8, 2008, Plaintiff, through his new attorney of record, F. Gordon Lee, notified Defendants that he changed employers and would be working with Invitrogen Corporation. (Doc. No. 23-2, p. 121.) On August 8, 2008, Defendants issued a "Request for Evidence" to MSU Software.[3] (*See* Doc. No. 23-3, p. 64.) The Request for Evidence sought "a photocopy of [Plaintiff's] master's degree." (*Id.* at p. 65.) "Due to [Plaintiff's] termination of employment," however, MSU Software did not respond to Defendants' request. (*See id*. at p. 44.) Consequently, on December 16, 2009, Defendants notified MSU Software that they intended to revoke their prior approval of Plaintiff's Form I-140 petition. (*Id.* at p. 49.)

The "Notice of Intent to Revoke" granted the company "thirty days in which to submit to [Defendants] evidence in support of the petition and in opposition to the revocation." (*Id.* at p. 63.) The comprehensive document described a number of deficiencies with Plaintiff's

---

[2] Plaintiff could not file a Form I-485 without "[a]n immigrant visa number . . . immediately available to [him] based on an approved immigrant petition [*i.e.,* a Form I-140] . . . ." *See* http://www.uscis.gov/files/form/i-485instr.pdf (last visited June 26, 2012).

[3] Although Plaintiff no longer worked for MSU Software, the company remained the "petitioner" of his approved Form I-140 petition.

3

Form I-140 petition. (*See id.* at p. 56-63.) It informed MSU Software that "it appears the approval of the petition should be revoked because the petitioner [(MSU Software)] has failed to establish that the beneficiary [(Plaintiff)] has the required U.S. baccalaureate degree or foreign equivalent degree and has failed to establish it had the ability to pay as of December 29, 2003, and continuing until February 2008." (*Id.* at p. 63.) Finally, the Notice of Intent to Revoke cautioned that a "final decision" regarding revocation of Plaintiff's approved Form I-140 petition would be made at the end of the thirty day time period allotted for MSU Software to provide the evidence requested. (*Id.*) MSU Software neglected to respond. It also neglected to inform Plaintiff that Defendants intended to revoke his approved Form I-140 petition.

On January 28, 2010, Defendants sent MSU Software a "Decision" revoking their prior approval of Plaintiff's Form I-140 petition. (Doc. No. 23-3, p. 55.) The Decision stated that MSU Software could appeal within "15 days from the date of this notice (18 days if this notice was received by mail)." (*Id.*) MSU Software failed to notify Plaintiff of the Decision, and did not appeal within 15 (or 18) days of receipt of the Decision.

On February 2, 2010, Defendants denied Plaintiff's Form I-485 petition because the "approval of the [Form I-140 petition] filed on [his] behalf [was] no longer valid." (Doc. No. 23-2, p. 112.) The denial notice was sent to one of Plaintiff's new attorneys of record, Brian D. Bumgardener. (*See id.*) Plaintiff's attorneys attempted to move Defendants to reopen or reconsider the denial of Plaintiff's Form I-485 petition to no avail. (*See* Doc. No. 23-2, pp. 157-161.) Plaintiff first discovered the revocation of his approved Form I-140 petition upon receiving the denial of his Form I-485 petition.

On October 12, 2010, Jacqueline B. Martinez, who remained MSU Software's

4

attorney of record, wrote a letter to Defendants ultimately responding to the Request for Evidence and Notice of Intent to Revoke. (*See* Doc. No. 23-3, pp. 43-46.) She also filed a Form I-290B Notice of Appeal or Motion requesting Defendants reopen Plaintiff's case and reconsider the decision to revoke his approved Form I-140 petition. (*Id.* at pp. 41-42.) On December 13, 2010, Defendants denied the appeal as untimely. (*Id.* at pp. 39-40.) Nearly 10 months had passed since MSU Software received the Decision revoking approval of Plaintiff's Form I-140 petition.

Sometime in 2009, Plaintiff again changed employment, joining "Convergys Corporation in Jacksonville, Florida,"[4] and promptly notified Defendants of the change. (Doc. No. 22, p. 8.) As of February 7, 2012, the date the Motion for Summary Judgment (Doc. No. 22) was filed, Plaintiff remained employed in "valid H-1B status for employment until April 12, 2012," with "Convergys Information Management Group." (*Id.* at p. 8 n. 3; Doc. No. 1, ¶¶ 33,71.) The Court is unaware of Plaintiff's status as of the date of this Order. Based on the Motion (Doc. No. 22) and Response (Doc. No. 26), Plaintiff's Form I-140 petition remains "revoked" and his Form I-485, consequently, remains "denied." According to the Motion, Plaintiff's H1-B visa was valid "until April 12, 2012." (Doc. No. 22, p. 8 n.3.)

---

[4] The parties' substantive arguments focus in large part on the American Competitiveness in the Twenty-First Century Act of 2000, Pub. L. No. 106-313, 114 Stat. 1251 ("AC21"). Section 106(c) of AC21, known as the "Portability Provision," grants an alien whose Form I-485 has been pending for more than 180 days "[j]ob flexibility" by permitting him to "port" to another employer while his Form I-485 remains pending. *See* 8 U.S.C. § 1154(j). It was this provision that enabled Plaintiff to transfer to various employers during the pendency of his Form I-485. Because the Court does not have subject matter jurisdiction, it does not consider any of the arguments related to AC21.

**DISCUSSION**

Federal courts are courts of limited jurisdiction and must rigorously police the cases before them to ensure such cases fall within their statutory jurisdiction. *See, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Where Congress enacts legislation stripping the district courts of jurisdiction over particular cases and controversies, such as 8 U.S.C. § 1252(a)(2)(B), this Court has no choice but to dismiss such actions. Section 1252(a)(2)(B)(ii) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> ***
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[5] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a)[6] of this title.

It is undisputed that the approval of Plaintiff's Form I-140 petition was revoked pursuant to 8 U.S.C. § 1155, which clearly falls within the applicable "subchapter." Section 1155 states: "The Secretary of Homeland Security may, at any time, for whatever he deems to be good and sufficient cause, revoke the approval of any petition approved by

---

[5] The "subchapter" referred to in this statute pertains to "Immigration," and includes 8 U.S.C. §§1151-1381. *See Kucana v. Holder*, 130 S.Ct. 827, 832 n.3 (2010).

[6] 8 U.S.C. § 1158(a) provides the "authority to apply for asylum."

him under [8 U.S.C. § 1154] of this title. Such revocation shall be effective as of the date of approval of any such petition."

### A.     Revocation under 8 U.S.C. § 1155 is Discretionary

The majority of circuits, including the Eleventh Circuit (in an unpublished opinion), have determined that the Secretary's decision to revoke approval of a Form I-140 petition under § 1155 is "discretionary," and thus immune from judicial review pursuant to § 1252(a)(2)(B)(ii).  *Sands v. U.S. Dep't of Homeland Sec., et al.*, 308 F. App'x 418, 419-20 (11th Cir. 2009) (*Sands II*); *Green v. Napolitano*, 627 F.3d 1341, 1348 (10th Cir. 2010); *Adelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 205 (3rd Cir. 2006); *Ghanem v. Upchurch*, 481 F.3d 222, 223 (5th Cir. 2005)*; El-Khader v. Monica*, 366 F.3d 562, 568 (7th Cir. 2004);[7] *see also Mehanna v. Dedvukaj*, No. 09-14510, 2010 WL 4940016, at *4 (E.D. Mich. Nov. 30, 2010) ("[T]he majority of circuits which have addressed [whether revocation under §1155 is discretionary and beyond judicial review] hold that it is.")*.*

Although *Sands II,* 308 F. App'x 418, did not provide any analysis with its determination that the Secretary's decision to revoke approval of a Form I-140 petition pursuant to § 1155 is discretionary, decisions from other circuits have analyzed the issue in great detail.  For example, the *Mehanna* court analyzed the "plain language" of § 1155 and found persuasive the fact that the statute says the Secretary "may" revoke a petition because the word "[m]ay suggests discretion."  *Mehanna*, 2010 WL 4940016, at *4 (citing *Zacdvydas v. Davis*, 533 U.S. 678, 697 (2001)).  Additionally, it found that the language

---

[7] Only the Ninth Circuit has found that subject matter jurisdiction exists over cases such as this.  *See Ana Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004).

"at any time" suggests "discretion by granting the decision of when to revoke a petition with the Secretary." *Id.* at *5. Finally, the court determined that "although the conditions for revocation seem limited to situations where there is 'good and sufficient cause,' the decision of what constitutes good and sufficient cause appears to be wholly within the Secretary's discretion, as well, because it is what he 'deems' it to be." *Id.* (citations omitted). The court concluded that the word "deem" further suggests discretion based on its "common plain meaning," which is "to consider, think, or judge." *Id.* (citing Black's Law Dictionary (9th ed. 2009)).

Other courts analyzing whether this provision is discretionary have reached the same result based on substantially similar analyses. Like the *Mehanna* court, these courts have determined that Congress's use of the terms "may," "at any time," and "for what [the Secretary of Homeland Security] deems" infers discretion. *See e.g.*, *Abdelwahab*, 578 F.3d at 821 ("[f]ocusing on the plain language of § 1155" and concluding that § 1155 revocations are to be in the discretion of the Secretary within the meaning of § 1252(a)(2)(B)(ii)); *El-Khader*, 366 F.3d at 567 ("[I]n our opinion, the discretionary nature of the decision is apparent from the plain language of the statute."); *see also Systronics Corp. v. Immigration and Naturalization Serv.*, 153 F. Supp. 2d 7, 12 (D.D.C. 2001) ("The language is clear and unambiguous; the Attorney General has discretion to revoke a petition at any time."); *Jilin Pharm.*, 447 F.3d at 203 (explaining that "may" is language that is "indicative of administrative discretion for purposes of § 1252(a)(2)(B)(ii)"). Accordingly, the Court finds that the Secretary's decision to revoke Plaintiff's approved Form I-140 petition was discretionary.

### B.     Lack of Subject Matter Jurisdiction

As previously stated, Plaintiff relies on 28 U.S.C. § 1361 (mandamus statute), the Administrative Procedure Act (5 U.S.C. § 701 *et seq.*), and 28 U.S.C. § 1332 for this Court's jurisdiction.  These statutes, however, do not overcome § 1252(a)(2)(B)(ii)'s strict prohibition of judicial review of the Secretary's discretionary decision to revoke approval of a Form I-140 petition.

In 2008, a number of plaintiffs sought relief from the United States District Court for the Southern District of Florida after their Form I-140 petitions were denied or because they had been "threatened with revocation of their approved [Form] I-140 petitions." *See Sands v. U.S. Dep't of Homeland Sec., et al.*, No. 1:08-21371, 2008 U.S. Dist. Lexis 111739, at *3 (S.D. Fla. Sept. 12, 2008) (*Sands I*).  The plaintiffs maintained that jurisdiction existed under 8 U.S.C. § 1329 (the Immigration and Nationality Act), 28 U.S.C. § 1361 (the mandamus statute), 28 U.S.C. § 1331 (federal question jurisdiction), 5 U.S.C. § 555(b) (the Administrative Procedure Act), and 28 U.S.C. § 1367(a) (supplemental jurisdiction). Analyzing each of these grounds, the court determined that subject matter jurisdiction did not exist.  *See Sands I,* 2008 U.S. Dist. Lexis 111739, at *4-11.  The Eleventh Circuit affirmed, noting that the district court "carefully considered each of the bases for jurisdiction . . . and correctly concluded that none of them supported jurisdiction to review discretionary decisions to deny visas to aliens of extraordinary ability in the field of athletics under 8 U.S.C. § 1153(b)(1)(A)or to review revocations of such visas under 8 U.S.C. § 1155." *Sands II*, 308 F. App'x at 419.[8]

---

[8] Although in this action, Plaintiff's Form I-140 petition was initially approved under 8 U.S.C. 1153(b)(2)(A), as opposed to 8 U.S.C. § 1153(b)(1)(A) like the *Sands* plaintiffs, the Court finds this factual distinction to be inconsequential.  Like the plaintiffs in *Sands,*

"Under §1361, district courts have original jurisdiction over a mandamus action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Sands I*, 2008 U.S. Dist. Lexis 111739, at *7 (citing 28 U.S.C. § 1361). Mandamus jurisdiction exists where "(1) the defendant owes a clear **nondiscretionary** duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *See Life Star Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004)(emphasis added). In *Sands II*, the Eleventh Circuit found that "the mandamus statute[] provides no basis for jurisdiction because the action complained of is discretionary . . . [and because of] 8 U.S.C. § 1252(a)(2)(B), which explicitly strips the district court of jurisdiction under the mandamus statute." *Sands II*, 308 F. App'x at 419-20. Although neither *Sands I* nor *Sands II* included a thorough analysis of whether revocation pursuant to § 1155 is "discretionary," for the reasons stated above, this Court finds that it is. Therefore, jurisdiction cannot lie under the mandamus statute.

Next, the APA does not provide a court with an independent basis for subject matter jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 107 (1977)("We thus conclude that the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."). Moreover, 5 U.S.C. § 702, which provides the "right of review" of agency action, expressly states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . . Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground;

---

Plaintiff's visa was revoked pursuant to the Secretary's authority under 8 U.S.C. § 1155.

10

> or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

"Here, § 1252(a)(2)(B)(ii) plainly expresses that no judicial review of the Secretary's discretionary revocation decision is intended, thus precluding jurisdiction under the APA." *Sands I*, 2008 U.S. Dist. Lexis 111739, at *10 (citing *Grinberg v. Swacina,* 478 F. Supp. 2d 1350, 1355 (S.D. Fla. 2007)); *see also Mehanna,* 2010 WL 4940016, at *8 ("It is unnecessary for the Court to determine whether review of the revocation is permitted under the APA because 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court's subject matter jurisdiction entirely."). Accordingly, the court finds that the APA does not confer jurisdiction over this action.

Finally, 28 U.S.C. § 1332 does not grant this Court subject matter jurisdiction based on the facts in this case. This statute provides, in short, that "district courts shall have jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Given that Plaintiff is not seeking damages, nor injunctive relief, this statute is inapplicable. Plaintiff may have intended to cite 28 U.S.C. § 1331 ("federal question jurisdiction"), which authorizes district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." The *Sands I* court considered whether § 1331 applies to a case such as this, and determined that "[a]s no viable or constitutional basis exists in the instant matter, federal question jurisdiction does not exist." *Sands I,* 2008 U.S. Dist. Lexis 111739, at *9. Accordingly, neither 28 U.S.C. § 1332 nor 28 U.S.C. § 1331 enable this Court to hear Plaintiff's claims, and this action is due to be dismissed for lack of subject matter jurisdiction.

11

**CONCLUSION**

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED:**

1) This action is **DISMISSED** for lack of subject matter jurisdiction.

2) The clerk is **DIRECTED** to terminate any pending deadlines and motions, and to close this file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on June 27, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record
*Pro Se* Party